NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID COLLIER, *Appellant.*

No. 1 CA-CR 18-0590
FILED 6-4-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-143913-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　David Collier appeals his convictions of possession of dangerous drugs (methamphetamine) for sale, a Class 2 felony; possession or use of dangerous drugs (trifluoromethylphenylpiperazine), a Class 4 felony; possession or use of narcotic drugs (morphine), a Class 4 felony; possession or use of narcotic drugs (cannabis), a Class 4 felony; misconduct involving weapons (12-gauge shotgun), a Class 4 felony; possession or use of marijuana (less than two pounds), a Class 6 felony; and possession of drug paraphernalia, a Class 6 felony, and the resulting sentences. Collier's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Collier was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Collier's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　On September 13, 2016, Mesa Police officers observed Collier make a wide turn. Because of the wide turn, the officers made a traffic stop. During the traffic stop, Collier consented to a search of his person and the car. Officers recovered three stacks of money from Collier's person and two plastic baggies in the glove box. The police also executed a search warrant on Collier's home based on probable cause from a two-week police surveillance of his home.

**¶3**　　　　After the search, officers arrested Collier. Detective Daniel Badone read Collier the *Miranda*[1] warnings and questioned him. During questioning, Collier admitted he had methamphetamine at his home and that the police would find it in a large bin in his living room. Badone found

---

[1]　　　*Miranda v. Arizona*, 396 U.S. 868 (1969).

and seized the methamphetamine where Collier explained it would be found. In searching the remainder of Collier's home, other officers found morphine tablets, marijuana, pills stamped with a cartoon mushroom, methamphetamine, a shotgun, and electronic scales. Officers sent the seized substances to a lab, which confirmed the drugs were methamphetamine, trifluoromethylphenylpiperazine, marijuana, and morphine.

¶4 The State charged Collier as described above. On the first day of trial, Collier moved to change his counsel. The superior court denied the motion, explaining it could not be considered because his attorney did not file it on his behalf, and it was not filed at least 20 days before trial. Additionally, Collier filed a motion to suppress evidence, which the superior court denied because it too was not filed at least 20 days before trial.

¶5 At trial, Badone testified to his encounter and interrogation of Collier. The State presented the videotaped interrogation of Collier where he stated that he sold methamphetamine to support his heroin habit, and that he owned the shotgun to protect himself. Finally, the State called a forensic scientist who testified regarding the nature of the seized substances.

¶6 During the lunch recess on the third and final day of trial, Collier fled, and a bench warrant was issued for his arrest. Before deliberation, the superior court instructed the jury that they should not consider Collier's absence as part of the evidence and to not speculate about his absence.

¶7 The jury returned a guilty verdict on all seven counts. During the aggravation phase of the trial, the jury found one aggravating circumstance: Collier committed the crime of possession of a dangerous drug for sale as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. After Collier was arrested in another matter, Collier was sentenced to the presumptive prison terms of 10 years for count 1, 4.5 years for counts 2, 3, 4, and 5, and 1.75 years for counts 6 and 7. The court ordered he sentences to run concurrently and gave Collier 103 days' presentence incarceration credit. Collier timely appealed.

## DISCUSSION

¶8 As a preliminary matter, although Collier was absent during the conclusion of his trial and sentencing took place more than 90 days after his conviction, Collier did not forfeit his right to appeal. Under A.R.S.

§ 13-4033(C), a defendant may not appeal his conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." In the instant case, Collier was convicted on March 7, 2018, and after his arrest, he appeared in court on May 10, 2018. The court set the initial sentencing hearing for June 13, 2018, but it was ultimately continued until July 23, 2018, because his counsel was scheduled for trial in a separate matter. Because Collier was in custody on May 10, 2018, less than 90 days after his conviction, we conclude Collier's absence did not prevent sentencing from taking place within 90 days. Accordingly, we proceed to consider Collier's appeal.

¶9         We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶10        Counsel represented Collier at all stages of the proceedings. Collier chose not to be present for his closing argument but was present at all other relevant stages of the proceedings against him. After Collier absconded, the trial was completed *in absentia* under Arizona Rule of Criminal Procedure 9.1. The record reflects the superior court afforded Collier all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Collier's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶11** Collier's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Collier's representation in this appeal will end after informing Collier of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: JT